GUARANTY LIFE INSURANCE COMPANY v.
HALL BROTHERS PRESS, INC.

189 So. 243
En Banc
Opinion Filed May 19, 1939
Rehearing Denied June 8, 1939

*William D. Morgan* and *H. L. Anderson*, for Petitioner; *Fant & Stanley*, for Respondents.

BROWN, J.—We are dealing here with a petition for writ of certiorari to review the judgment of the Circuit Court for Duval County affirming the judgment of the Civil Court of Record of Duval County.

The question presented is whether the Civil Court of Record proceeded in accordance with the essential requirements of the law in striking, on plaintiff's motion, a plea of "never was indebted as alleged," after a hearing of which nine days' notice had been given.

This suit was instituted on the common counts to recover a printing bill; one count for work done and material furnished, and on account stated, one for goods bargained and sold, and one for interest. A detailed itemized statement of the account was attached to the declaration as a bill of particulars.

In affirming the judgment of the trial court, the Circuit Court for Duval County, speaking through Judge DeWitt T. Gray, had this, among other things, to say:

"The Court finding from the record that Guaranty Life Insurance Company had eight clear days' notice of the hearing on the motion to strike its sole plea as sham under common law rule 22; that Hall Brothers Press, Inc., sustained its case by sufficient competent evidence at said hearing; that at said hearing Guaranty Life Insurance Company completely failed to show that any issue of fact actually existed to support its plea of "never was indebted as alleged;" and without having made any formal motion at the commencement of the hearing for a postponement or for a continuance of the hearing at its conclusion it announced that it was unable to produce testimony at this time of L. Knabb and Dr. C. J. Baumgartner but would at a later date,' all without offering any excuse for the nonproduction of their affidavits or their absence, in spite of lengthy notice of the hearing and without informing the Court of the nature of the evidence it proposed to produce by said witnesses, and

"It further appearing to this court that had Guaranty Life Insurance Company's motion to vacate been granted and the affidavits of said L. Knabb, Dr. C. J. Baumgartner,

and George Guimond in support thereof been available at the original hearing the result of the case would have been the same, and

"It further appearing to the Court that said affidavits do not show payment, partial payment or accord and satisfaction; The Guaranty Life Insurance Company by the record admits the existence of an obligation, fails to question any item of the claim proffered, fails to state the amount it considers' due plaintiff and finally and significantly omits any statement of the particulars in which plaintiff's claim is in error.

"The Court being of the opinion from an examination of the entire record that a reversal for possible incidental errors complained of would prove ineffectual because the same result would inevitably be reached a second time, even had the excluded evidence been admitted,

'It is thereupon considered and ordered that the judgment be, and the same is', hereby affirmed."

Rule 22 of the Revised Common Law Rules for the government of trial courts in common law cases, promulgated by this Court in 1936, reads as follows:

"If the plaintiff in an action *ex contractu* or of replevin deems any plea filed by a defendant to be a sham he may, before said cause is set for trial, move to strike such plea and the court, upon not less than five days' notice, shall hear said motion, taking the evidence of the respective parties, and if the motion be sustained the plea shall be stricken. If there be no other plea on file default judgment shall be entered.

"Such motion to strike shall be sworn to and shall set forth fully the facts on which the plaintiff relies, and may be supported by affidavits. No traverse of the motion shall be required of the defendant."

The general question involved in this case is very ably

treated in an opinion by the late Mr. Justice DAVIS, then Chief Justice of this Court, in the case of Rhea v. Hackney, 117 Fla. 62, 157 So. 190. This opinion was handed down in 1934, two years before the adoption of Rule 22. It will be observed that this rule is rather broad in its terms and applies to "any plea filed by defendant," in actions *ex contractu* or of replevin. Thus the rule is broad enough to cover pleas of the general issue; and this we think is a sufficient reply to the very urgent contention on the part of the petitioner here that this power to strike pleas does not apply to a plea of the general issue, which plea throws upon the plaintiff the burden of proving his case. But it is a power which should be continuously exercised and only in clear cases.

In this connection, it was said in the case of Rhea v. Hackney that this power is seldom if ever authorized to be exercised by a trial court as to mere denials amounting to pleas of the general issue appearing to have been interposed by the defendant for the purpose of putting on the plaintiff the burden of establishing his own alleged cause of action in the first instance by offering proper evidence in support thereof at a trial, "although forceful reasoning has been advanced in defense of a practice to the contrary." Citing in this connection Schehan v. Malone & Co., 71 N. C. 440; Flack v. Dawson, 69 N. C. 42. See also 49 C. J. 702-703.

In the course of the very able opinion of Chief Justice DAVIS, in Rhea v. Hackney, *supra,* the following pertinent observations were made:

"In most jurisdictions a sham pleading may, in a proper case, be struck out on motion. The power is not derived from statute but is inherent in the court. Its exercise is not objectionable as infringing the right of trial by jury, for the right of a defendant to a jury trial depends upon there being a real issue to be tried. The court has power to

determine as a matter of judicial cognizance whether there is such an issue, and whether an ostensible issue is in reality fictitious and sham, though the court does not have power to try the issue if there is one in truth as well as in form.

"The power to eliminate sham pleadings is an indispensible power to the protection and maintenance of the character of the court, and the proper administration of justice (citing authorities).

"But a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. As otherwise expressed, to warrant the rejection of a pleading as sham, it must evidently be a mere pretense set up in bad faith and without color of fact. The rule cannot be applied to any one case except where the defense is shown to be a plain fiction. And when a defendant, in defending a plaintiff's motion to strike out his defense as sham, supports it by a special affidavit stating specifically the grounds of it, he cannot, as a general rule, be deprived of the benefit of a trial of his plea in the usual mode, as a cause for striking out does not exist merely because the court may perceive but little prospect of the success of the alleged sham pleading. Pittsburgh C. C. & St. L. Ry. Co. v. Fraxe, 150 Ind. 576, 50 N. E. Rep. 576, 65 Am. St. Rep. 377; Barker v. Foster, 29 Minn. 166, 12 N. W. 960; Munn v. Barnum, 1 Abbott Pr. (N. Y.) 281, 12 How. Pr. (N. Y.) 563; McDermott v. Deither, 40 Minn. 86, 41 N. W. Rep. 544.* * *

"We hold, therefore, that where a defendant interposes a plea that is good on its face but is false in fact, and it is indisputably so shown to the satisfaction of the Court, and it further inferentially appears that the plea was interposed principally for delay or other unworthy motive, with no reasonable expectation that it could ever be sustained at a trial of the issues raised by such plea, if a trial should be

had on it, the Court may entertain and grant a motion by plaintiff to strike out such plea as sham, and may as an incident thereto award final judgment for plaintiff on his cause of action, being guided by like considerations in dealing with sham pleas to those prevailing when pleas are stricken as frivolous. For the latter principles see Chavous v. Gornto, 89 Fla. 12, 102 Sou. Rep. 754."

We deem it unnecessary to review the evidence on the hearing of the motion to strike said plea, which led the trial court to the conclusion that the plea should be stricken. The scope of review on certiorari, in matters of that kind, is very narrow and limited. Des Rocher Towing Co. v. Thirl National Bank, 106 Fla. 446, 143 So. 768, and cases cited. If there was any substantial evidence to support the conclusion of the trial court, we would not be authorized, on a certiorari proceeding to overturn such conclusion. The same observation would apply to the denial of the motion to vacate the order striking the plea. The question before us is whether or not there was any such serious departure from the essential requirements of the law on the part of the trial court as would have required the appellate court, the Circuit Court for Duval County, to reverse the judgment of the trial court. Being of the opinion that Rule 22 is broad enough in its terms to apply to the plea of "never was indebted as alleged," and under the facts of this case we cannot say that there was any such clear showing of a departure from the essential requirements of the law on the part of the trial Court which would authorize this Court, in this certiorari proceeding, to quash the judgment of the Circuit Court affirming the judgment of the Civil Court of Record.

The petition for writ of certiorari is therefore denied.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.