82 So.2d 733 (1955)
Lewis MEADOWS et al., Appellants,
v.
Bill EDWARDS et al., Appellees.
Supreme Court of Florida. Special Division A.
September 28, 1955.
Rehearing Denied October 31, 1955.
*734 Walter A. Shelley, J. Compton French and Hull, Landis, Graham & French, Daytona Beach, for appellants.
Shepard & Dykes, Cocoa, for appellees.
BARNS, Justice.
The first count of appellant-plaintiff complaint filed November 13, 1952 (T.p. 27) was held sufficient on a hearing of defendants' motion to dismiss. Defendants filed a motion to dismiss plaintiffs' amended second and third counts filed January 18, 1954 (T.96) and also a motion to strike the said amended second and third counts as "sham pleadings" and for summary judgment. The Court granted each of these three motions and from the final judgment of dismissal "with prejudice" plaintiffs appealed.
It is alleged that the appellants-plaintiffs originally entered into a contract with Bill Edwards, a subcontractor, to furnish labor and material on a United States government job; that when Edwards defaulted the plaintiffs went to Leifert Construction Co., the General Contractor, and informed it that unless "Leifert" could be looked to for payment it would cease furnishing labor and material; that "Leifert" urged the plaintiff to continue to furnish the labor and material and that plaintiffs could look to "Leifert" for payment. Plaintiffs allege that they thereupon furnished labor and material in reliance on the promise of "Leifert" and sues for the labor and material furnished in reliance on the oral contract with "Leifert".
The defendant "Leifert" denies by affidavit any such agreement which plaintiffs' affidavits and deposition contradict to a substantial degree.
The test in ruling a motion to strike a pleading on a ground that it is "sham" means false and not that it is shabby, as stated in 41 Am.Jur. p. 322, Pleading, par. 50:
"Sham and Frivolous Pleadings.  A sham pleading is defined as one that while in good form is false in fact, or one good in form but false in fact and not pleaded in good faith. The words `false' and `sham,' as applied to pleadings, are usually construed as synonymous. And since the chief characteristic *735 of a sham pleading is its undoubted falsity, it follows that averments are not sham where they are not false in fact or pleaded in bad faith."
In order to justify the striking of a pleading for being sham or false it must be so undoubtedly false as not to be subject to a genuine issue of fact. The motion should be tested by the same standards as a motion for a summary judgment in the following respects. Such procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact and the term "genuine issue" is not meant to be necessarily confined to a pleading or paper issue. To use the language of Judge Cardozo, later Justice, made in reference to the law applicable to motions for summary judgment, 6 Moore's Federal Practice 2d 2028, to the effect that the very object of a motion for judgment because of sham pleadings "is to separate what is formal or pretended in denial or averment from what is genuine or substantial, so that only the latter may subject a suitor to the burden of trial". A motion to strike a pleading as false should not be granted under the circumstances when a motion for a directed verdict or a motion for a summary judgment could not properly be granted. If there is any substantial evidence to support the party against whom the motion is made, then the motion should be denied. A hearing on a motion to strike pleadings, or on a motion for summary judgment is not to try the issues, but to determine whether there are any genuine issues to be tried. Johnson v. Studstill, Fla., 71 So.2d 251.
The Court of Appeals per Judge Minton, now Justice, in Burley v. Elgin, J. & E. Ry. Co., 7 Cir., 140 F.2d 488, 490, and quoted in 6 Moore's Federal Practice 2d 2105, held as follows:
"The procedure for summary judgment was intended to expedite the settlement of litigation where it affirmatively appears upon the record that in the last analysis there is only a question of law as to whether the party should have judgment in accordance with the motion for summary judgment. If there was any question of fact presented on the record in the proceedings for summary judgment, the motion could not be sustained."
And as quoted by Moore, supra, p. 2111, Judge Maris for the Third Circuit in Toebelman v. Missouri-Kansas Pipe Line Co. 130 F.2d 1016, 1018, held:
"Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. * * * All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Weisser v. Mursam Shoe Corporation, 2 Cir., 1942, 127 F.2d 344 [145 A.L.R. 467]."
The first count was a common count and the defendants' motion to dismiss was properly overruled. Appellant second amended count contains some ambiguities as to whether the suit is on a collateral promise within the scope of section 725.01, F.S., F.S.A., requiring an obligation to answer for the debt of another to be in writing or whether the count is in special assumpsit for labor and materials furnished by the plaintiffs to the defendant Construction Co. at its request.  Its not good yet not wholly bad. The doubts ought to have been resolved against the defendant, unless the plaintiffs were to be given leave to amend.
The third amended count is insufficient and it was not error for the court to so hold, however, upon remand plaintiff should have leave to amend by filing a count showing by allegations of the ultimate facts a breach of the terms of the bond with sufficient particularity and showing the plaintiffs to be a beneficiary thereto.
This count is based on a written obligation but the plaintiff has failed to plead the substance of the obligation according to its legal effect. As stated by Chief Justice Vanderbilt in Grobart v. Society for Establishing *736 Useful Manufactures, 2 N.J. 136, 65 A.2d 833, 838-840:
"The purpose of a complaint under modern practice is no different than that of a declaration at common law; in each case it is to state a claim for relief * * *. The flexibility and seeming informality of pleadings under the new Rules should not deceive one into believing that the essentials of sound pleading at law or in equity have been abandoned. Quite the contrary; the objective of reaching an issue of law or of fact in two or at the most three simple pleadings has been attained, but not at the sacrifice of stating the elements of a claim or of a defense. They remain the same as at common law as a matter of substantive law as well as of good pleading; * * *."
and as by Moore: "What constituted good craftsmanship in pleading before the Rules continues to constitute good craftsmanship" 2 Moore's Federal Practice 2d 1654. A rule of pleading is that: "neither party is required to state with particularity matters which are wholly within the knowledge of the adverse party" 41 Am.Jur. 311, Pleading, par. 32, but this does not dispense with the necessity of a count based on a written obligation to disclose the essential elements of a cause of action.
The plaintiffs excuse for not complying with such requirements in respect to the third amended count is that the terms of the bond are unknown; that a motion for the production of the bond was made and that it had been called to the "attention" of the Court; that the bond had not been produced and the Court had made no formal ruling on the motion. The non-action of the Court is easily explained: the appellants' counsel has not set the motion down for a formal hearing which in turn would call for a formal order. In passing it is observed that appellants' motion for production fails to satisfy the requirements of rule 1.28, Rules of Civil Procedure, providing for the discovery and production of documents, in that it fails to show "good cause" as specified by the rule. By availing themselves of the discovery provision of rule 1.28 plaintiffs may have long ago placed themselves in positions to plead the third count properly.
We find the court erred in holding the amended second count against "Leifert" to be "sham pleadings"; and likewise erred in granting defendants' motion for and entering a summary judgment against plaintiffs.
Reversed without allowance of costs to appellant.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.