HENDRY, Judge.
Appellant was defendant below in a suit brought by appellee, plaintiff below to foreclose a mortgage which the defendant had executed to Shinn Construction Company. The plaintiff alleged in her complaint, inter alia, that she was the owner and holder of the mortgage and note. The defendant filed her answer denying, inter alia, that the plaintiff was the owner or holder of the said mortgage and note. Subsequent to the filing of the answer, the plaintiff filed a motion to strike the answer and for the entry of summary final decree under rule 1.14, Florida Rules of Civil Procedure, 30 F.S. A.[1] The motion was not sworn to nor did it set forth any facts on which the movant relied. There was an affidavit filed with plaintiff’s motion which dealt with matters other than ownership and possession of the mortgage and note.
The chancellor heard the motion and entered a summary final decree striking the answer as sham and holding that the material allegations of the complaint had been established.
The defendant has assigned several grounds for reversible error. The princi *347 pal grounds relied upon are that: (1) the unsworn motion to strike as sham under Rule 1.14, was not sufficient to support the striking of the defendant’s answer as sham in that it was not sworn to and did not set forth fully the facts upon which the movant relied as prescribed by subsection (b) of the rule; (2) there was no proof to show that the party bringing the action and seeking foreclosure was the owner of the mortgage and note. We find that there is merit in appellant’s contention as to both of these points. The rule under which the motion to strike was made clearly states that the motion shall he sworn to and shall set forth fully the facts on which the movant relies. The record reveals that the plaintiff failed to comply with either of these requirements and the record is void of anything that would relieve the plaintiff from strictly following the procedure set forth in the rule. See Dezen v. Slatcoff, Fla.1953, 65 So.2d 484.[2]
Appellant also argues that there was no evidence to show that the plaintiff was the owner of the note and mortgage being sued upon. The defendant’s answer denied that the plaintiff was the owner and holder of the note and mortgage. Ownership having been put in issue by the answer it followed that ownership of the note and mortgage became one of the issues in the case and was a material fact to be proved by the plaintiff. The record is without any evidence of ownership in the plaintiff and there is no evidence tending to show that the answer denying ownership was a sham.
In Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 193, it was said that a “pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. * * * The rule cannot be applied to any case except where the defense is shown to be a plain fiction. * * * ” See Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, 138 Fla. 176, 189 So. 243.
Accordingly the final decree appealed from should be and hereby is reversed.

. Rule 1.14 reads in part as follows:
“(a) Motion to Strike. If a party deems any pleading or part thereof filed by the other party to be a sham, he may, before the cause is set for trial, move to strike said pleading or part thereof and the court shall hear said motion, taking evidence of the respective parties, and if the motion be sustained, the pleading to which the motion is directed shall be stricken. Default and summary, judgment, decree, decree pro confesso, and summary decree, on the merits, may, in the discretion of the court, be entered, or the court may for good cause shown, permit additional pleadings to be filed.
“(b) Same — Contents. The motion to strike shall be sworn to and shall set forth fully the facts on which the mov-ant relies and may be supported by affidavit. No traverse of the motion shall ba required. * * * ”

. In the Dezen case, the failure to set forth fully facts on which movant relied was cured by defendant’s admission in a deposition as to the issue involved.