154 So.2d 204 (1963)
Joe SAPIENZA, Appellant,
v.
KARLAND, INC., a Florida corporation, d/b/a Sagamore Hotel, Appellee.
No. 62-595.
District Court of Appeal of Florida. Third District.
June 4, 1963.
Rehearing Denied June 26, 1963.
*205 Richard K. Fink, Miami, for appellant.
Sheldon R. Rosenthal, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellant, who was plaintiff in the trial court, appeals an order striking his complaint as a sham pleading and entering judgment for the defendant. Plaintiff's complaint was founded upon the claimed conversion of certain personal property. The defendant filed a motion to strike the complaint as sham upon the following grounds:
"1. That the Plaintiff is not the owner of the entire personalty claimed, but did sell two-thirds (2/3) of the said property prior to the alleged date of the conversion in the above captioned matter.
"2. That the deposition of the Plaintiff was taken on or about the 4th day of June, 1962, at which time he did admit that he sold two-thirds (2/3) of the said property to JOHN TRONOLONE at a time prior to the alleged conversion date.
"3. That up to and including the present date, the Plaintiff is the owner of one-third (1/3) of the property allegedly converted.
"4. That the Plaintiff, during the date of his deposition, did admit and state that the market value of the said property allegedly converted was FIFTEEN-HUNDRED ($1500.00) DOLLARS less than the FIFTY-SEVEN *206 HUNDRED ($5700.00) DOLLARS claimed.
"5. That the Plaintiff, through his own admissions is the owner of one-third (1/3) of the property allegedly converted, and would therefore, under the law, only be entitled to one-third (1/3) of the market value of the said property.
"6. That the Plaintiff, through his own admissions, is the owner of one-third (1/3) of the property allegedly converted, and would therefore, under the law, only be entitled to one-third (1/3) of the reasonable rental value of the said property, and one-third (1/3) of the loss of income to the Plaintiff for the alleged loss of use of the said property."
The court entered an order on the motion to strike as follows:
"CONSIDERED, ORDERED AND ADJUDGED that ruling upon said Motion to Strike as sham be and the same is hereby reserved, and Plaintiff shall, within ten (10) days of the date of this Order file and serve an Amended Complaint."
Thereafter, on the 23rd day of July, 1962, the court entered the judgment appealed in the following words:
"THIS CAUSE, coming on to be heard before me upon the Defendant's Motion to Strike as Sham, and the Court after having heard argument of counsel, and after having considered the evidence, exhibits and depositions on file, and statements and admissions of counsel, the Court finds that the material allegations essential to the validity of this Complaint are sham, false and untrue, and the Court, having granted the Plaintiff ten (10) days within which to file an Amended Complaint, and it appearing to this Court that the Plaintiff has failed to file same, it is thereupon:
"CONSIDERED, ORDERED and ADJUDGED as follows:
"1. That the Defendant's Motion to Strike Plaintiff's Complaint as Sham be and the same is hereby granted.
"2. That the Plaintiff's Complaint be and the same is hereby stricken as sham, and that judgment is hereby entered in favor of the Defendant, KARLAND, INC., a Florida corporation, and against the Plaintiff, JOE SAPIENZA, together with the Defendant's costs, to be subsequently taxed, and that the Defendant, KARLAND, INC., a Florida corporation, may go hence without day."
Appellant's argument is centered upon the proposition that his cause of action should not have been dismissed with prejudice inasmuch as it affirmatively appears that the complaint was good for a portion of the personal property claimed to have been converted. It should be noted that the order appealed cannot be sustained as a dismissal of plaintiff's complaint for failure to file an amended complaint. Nenow v. Ceilings & Specialties, Inc., Fla.App. 1963, 151 So.2d 28. It is apparent that the circuit judge attempted to give the plaintiff-appellant an opportunity to amend his complaint if he wished to avoid a ruling upon defendant-appellee's motion to strike the complaint as sham. The appellant declined to take advantage of the opportunity to amend. Therefore, the final judgment entered stands upon the motion to strike as sham and was not affected by the order postponing ruling thereon.[1]
*207 The record reveals that on the taking of appellant's deposition he admitted that he had sold at least a third interest in the allegedly converted personal property prior to the alleged conversion. In his answer to defendant's interrogatories, the plaintiff made what appears to be a contradictory statement. He said that he had sold a one-half interest in the property to a different person, but the deal was not completed. Obviously, both statements cannot be true because he failed to mention the sale admitted in his deposition. The question then arises as to whether such inconsistency is sufficient to brand the entire complaint as a sham.
The rule set forth in Rhea v. Hackney, 117 Fla. 62, 157 So. 190, is that a pleading may be considered sham when its falsity clearly and indisputably appears and it is evidently a mere pretense set up in bad faith and without color of fact. It follows that if there is, under the facts as established, an issue upon which the pleading could be found good in part, it ought not be stricken in its entirety. See Meadows v. Edwards, Fla. 1955, 82 So.2d 733. The instant situation does not leave the inescapable conclusion that the plaintiff was playing fast and loose with the court. We are reinforced in this conclusion by the fact that after examining the factual basis for the striking of the complaint, the trial judge felt that it would be possible to frame an amended complaint presumably for that portion of the property which the plaintiff still claims to be the owner.
We conclude that the judgment appealed was erroneous in that it dismissed plaintiff's cause of action with prejudice. Therefore, the order appealed is reversed and the cause is remanded with directions to enter an amended order granting the plaintiff a reasonable time to amend his complaint and transferring the cause to the court having jurisdiction of the amount in good faith in controversy, if transfer shall be appropriate. We mention the possible transfer of the cause to the Civil Court of Record in and for Dade County, Florida, since it appears that the circuit court may have no jurisdiction to proceed once it is established by the pleadings and admissions in the file that the plaintiff is not the owner of sufficient property to place in controversy an amount equal to the jurisdiction of the circuit court.
Reversed and remanded.
NOTES
[1] Rule 1.14(a) of Florida Rules of Civil Procedure, 30 F.S.A., provides as follows:

"If a party deems any pleading or part thereof filed by the other party to be a sham, he may, before the cause is set for trial, move to strike said pleading or part thereof and the court shall hear said motion, taking evidence of the respective parties, and if the motion be sustained, the pleading to which the motion is directed shall be striken. Default and summary judgment, decree, decree pro confesso, and summary decree, on the merits, may, in the discretion of the court, be entered, or the court may for good cause shown, permit additional pleadings to be filed."