HORTON, Judge.
Appellants filed their complaint in equity seeking removal of the appellee as trustee of a certain land trust. In their complaint as amended, appellants alleged numerous breaches of trust, including, but not limited to, the following: (1) appel-lee’s failure to pay on time certain state and federal taxes; (2) appellee’s permitting tax certificates on the trust property to be sold; (3) appellee’s allowing a federal tax lien regarding his personal affairs to cloud the title to trust property; (4) ap-pellee’s failure to account to the beneficiaries regarding trust activities; and (5) appellee’s co-mingling of trust funds. The appellee’s motions under Rules 1.11 and 1.14, Florida Rules of Civil Procedure, 30 F. S.A., and appellants’ motion for summary judgment under Rule 1.36, Florida Rules of Civil Procedure, were heard resulting in the entry of a “final” decree in favor of the appellee.
We have carefully reviewed the record on appeal and conclude that the order appealed should be reversed. Nowhere in the record have we been able to discern that the hearing was noticed and conducted as final hearing, yet the court made findings indicating that such was the case. By way of illustration, the decree, inter alia, says:
“The court finds and determines that the equities are with the defendant.”
and
“The plaintiffs have failed to establish the existence of any facts, circumstances or law entitling them to any relief; nor have they established that the defendant has in any manner abused his trust or been guilty of any wrongdoing in its administration, and the court finds and determines that the defendant has not been guilty of any abuse of trust.”
 If the decree was predicated upon appellee’s motions under Rules 1.11 or 1.14, supra, such findings were unwarranted. It is well established that where a defendant moves for judgment or decree under Rule 1.11(c), supra, his motion will be treated as one for summary judgment on the pleadings only. Reinhard v. Bliss, Fla. 1956, 85 So.2d 131. In the case at bar, we are of the view that appellants have made sufficient allegations of fact to withstand this motion. Furthermore, the taking of testimony at the hearing left serious doubts that the hearing was for the purpose of exploring the pleadings to determine if the motion should have been granted or denied.
 From a reading of the complaint as amended, answers, depositions and testimony, we find that appellants’ complaint is not susceptible to a motion to strike under Rule 1.14, supra. It cannot be said that the falsity of appellants’ allegations clearly appears and that their complaint is a mere pretence set up in bad faith. Furthermore, if there is an issue upon which *585 the pleading could be found good in part, it ought not to be stricken in its entirety. See Sapienza v. Karland, Inc., Fla.App.1963, 154 So.2d 204. There were genuine issues as to certain material facts raised by the pleadings which should not have been summarily resolved. The cause should be tried and the issues resolved within the procedural requirements and safeguards of the rules.
Since we reverse the final decree on the merits, we similarly reverse the award of attorney’s fees in favor of the appellee.
Accordingly, the decree appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.