328 So.2d 499 (1976)
Robert H. SLATKO, Appellant,
v.
Herbert W. VIRGIN, III and Chester E. Whittie, Jr., Appellees.
No. 75-1050.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 1, 1976.
Sam Spector, Tallahassee, for appellant.
Podhurst, Orseck & Parks, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Appellant, plaintiff below, brings this interlocutory appeal to review an order of the trial court granting appellees', defendants below, motion to strike the complaint as a sham.
On May 1, 1975, appellant brought a complaint against appellees alleging that, pursuant to the terms of a partnership agreement (articles of partnership) and a modification agreement, he was due an accounting of the partnership assets. In the complaint, appellant also sought an injunction asking that the status quo of the partnership be maintained during the pendency of the suit.
A hearing on the request for an injunction, by way of a rule to show cause, was set for noon on Friday, May 9, 1975. On the day before the hearing, appellees filed an answer, affirmative defenses, and a counterclaim. Also, on the day before the hearing, appellees filed a motion for an injunction and a motion to strike the complaint as a sham under Rule 1.150, Florida Rules of Civil Procedure, 30 F.S.A. Both of these motions were noticed for hearing less than 24 hours later.
After the hearing on May 9, 1975, the trial court on May 30, 1975, entered an order granting appellees' motion to strike the complaint as a sham. The order contains no findings of fact or law and simply provides that appellees' motion is granted. From the order, appellant brings this interlocutory appeal.
Appellant contends that the trial court manifestly erred, both substantively and procedurally, in striking the complaint as a sham based on the record and in ruling, as a matter of law, that the partnership dissolved *500 upon the retirement of a partner, notwithstanding the written modification agreement to the articles of partnership entered into by the parties.
Appellees contend that appellant has shown no reversible error on appeal nor can any reversible error be shown because the transcript of the testimony at the hearing on their motion to strike is not before this court and the order on appeal was bottomed upon such testimony.
A motion to strike a pleading for sham is controlled by Rule 1.150, Florida Rules of Civil Procedure, 30 F.S.A., derived from former Rule 1.14, Florida Rules of Civil Procedure, 1954, which reads in pertinent part as follows:
"(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he may move to strike said pleading or part thereof before the cause is set for trial and the court shall hear said motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown."
Pursuant to this rule and its predecessor, it has been held that in order to justify the striking of a pleading for being sham or false, it must be so undoubtedly false as not to be subject to a genuine issue of fact.
In other words, a pleading may be stricken as a sham only where it is shown to be palpably or inherently false. A hearing on a motion to strike is not a hearing to try the issues but to determine whether there are any genuine issues to be tried. Meadows v. Edwards, Fla. 1955, 82 So.2d 733; Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, 138 Fla. 176, 189 So. 243; Rhea v. Hackney, 117 Fla. 62, 157 So. 190; Sapienza v. Karland, Inc., Fla.App. 1963, 154 So.2d 204, and see 25 Fla.Jur., Pleadings §§ 33 and 133.
Applying the principles stated above to the appeal sub judice, we hold that the trial court erred in granting appellees' motion to strike the complaint as a sham. Our examination of the record does not reveal that the falsity of appellant's complaint clearly and indisputably appeared or that it was a mere pretense set up in bad faith and without color of fact and, therefore, subject to the summary treatment of being stricken as a sham. However, we express no opinion as to the correct ultimate outcome of the matter.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed.
Reversed.