DIMITROULEAS, WILLIAM P., Associate Judge.
Appellant, West Palm Beach Golf Commission, timely appeals from the trial court’s granting of a partial summary judgment. We affirm.
In 1977, appellee Donald G. Calla-way was hired by the Golf Commission as a golf pro. Ordinance 21-90 expressly gives the Golf Commission the exclusive power to hire and fire its employees. However, in 1988, the voters of the City of West Palm Beach approved a new city charter. Section 3.03 of that charter gives the city manager the exclusive authority to hire and fire employees. After the 1988 charter revision, the Golf Commission continued to run the golf course and to pay Callaway. In September, 1990, the Golf Commission fired Callaway. Thereafter, Callaway filed a complaint seeking declaratory judgment as to his rights and remedies. In his complaint, Callaway alleged that the ordinances that empower the commission to hire and fire were invalid because they conflict with portions of the city charter that give that power to the city manager. The trial court agreed and granted a partial summary judgment. Where the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217 (Fla.1984). The charter is not ambiguous, and where the ordinances empowering the Golf Commission to hire and fire employees are in conflict, they are invalid.
AFFIRMED.
WARNER and POLEN, JJ., concur.