633 So.2d 568 (1994)
WEST PALM GOLF COMMISSION, a Commission of the City of West Palm Beach, Appellant,
v.
James M. ADAMS, Esq., individually, et al., Appellee.
No. 93-0355.
District Court of Appeal of Florida, Fourth District.
March 16, 1994.
Alan J. Miller of Miller & Miller, P.A., West Palm Beach, for appellant.
Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee.
KLEIN, Judge.
The issue presented is whether the appellant's complaint for legal malpractice was properly stricken by the trial court as a sham pleading. We conclude that this lawsuit should not have been disposed of on a motion to strike and therefore reverse.
Plaintiff, the West Palm Beach Golf Commission, a Commission of the City of West Palm Beach, sued defendants, an individual and his law firm, alleging, among other things, that defendants had provided legal representation to the Golf Commission from March 1985 to May 1989, and that during that period defendants failed to advise the Golf Commission that its enabling ordinances were invalid because they were inconsistent with the 1988 West Palm Beach City Charter, and that the Golf Commission therefore had no power to terminate an employee. The plaintiff did terminate an employee and, in October 1990 defendants represented that employee in a suit against the Golf Commission and the City of West Palm Beach alleging the Golf Commission had no power to terminate him.
The former employee prevailed in that lawsuit because the Golf Commission had no power to terminate him, those powers having been directly vested in the City either by law or by the City Charter. A partial summary judgment on liability in favor of the former employee against the Golf Commission and the City was affirmed on appeal. West Palm Beach Golf Commission v. Callaway, 604 So.2d 880 (Fla. 4th DCA 1993), review denied, 618 So.2d 212 (Fla. 1993). Plaintiff alleged that its exposure in that lawsuit for legal expenses and damages occurred as a result of defendants' failure to properly advise plaintiff.
Defendants filed a sworn motion to strike plaintiff's complaint under Florida Rule of Civil Procedure 1.150, and at a hearing on the motion defendant James M. Adams testified that he had not been retained as general counsel for the Golf Commission, but had been employed as "special counsel under a municipal ordinance to provide legal assistance to the Golf Commission, when needed, on an hourly basis." Adams further testified that he had never discussed with the Commission whether the Commission had the authority to hire or fire nor had he ever been asked by the Commission to advise whether the Commission's ordinances were valid.
*569 Plaintiff's complaint included two letters from the individual defendant, on behalf of his law firm, confirming the beginning and the end of its legal representation.
On March 25, 1985, the firm wrote the following letter:
 Mr. Donald G. Callaway
 Manager
 West Palm Beach Country Club
 7001 Parker Avenue
 West Palm Beach, FL 33405
Dear Mr. Callaway:
This will acknowledge receipt of the legal file regarding the West Palm Beach Golf Commission. Our firm is happy to have the opportunity to work with you and the Golf Commission.
Both Trela White and I will become familiar with the operations of the Golf Commission so that you will not be inconvenienced whenever one of us is out of town or in trial.
I will be out of state on your March 28 meeting date, but Trela can attend if you so desire.
As I discussed with you, our hourly rate for all governmental agencies is $100.00 per hour for litigation and other contested matters; all other work is at $75.00 per hour. We let each client determine the level of service which they require.
We look forward to meeting the needs of the Golf Commission.
 Sincerely yours,
 JAMES M. ADAMS
On May 31, 1989 the firm wrote the following letter:
 Mr. Donald G. Callaway
 Manager
 West Palm Beach Country Club
 7001 Parker Avenue
 West Palm Beach, FL 33405
Dear Mr. Callaway:
In response to the inquiry of a Golf Commissioner, this is to advise that the term of office of Golf Commissioner Littles expires effective June 1, 1989. Accordingly, effective that date, Mr. Littles may not vote or otherwise fulfill any of the functions of a Golf Commissioner until and unless he is reappointed.
It is with regret that I request that this opinion be my last official act as legal counsel to the Golf Commission. I request that this letter be accepted as my letter of resignation effective June 1, 1989.
I recommend that you request that the City Attorney's office provide the routine legal services required at the golf course. My experience has been that your needs are minimal and do not warrant independent representation.
Because the Golf Commission is an agency of the City, the City could become legally responsible in damages for actions taken at the golf course, such as illegal termination, etc. If the City Attorney provides for routine needs of the golf course, the City could better protect against such potential liabilities.
Should a conflict situation arise or should special services be required, I would be happy to work with you and the Golf Commission. I have enjoyed working with you and the Golf Commission these past years and I thank you and them for the opportunity to have been of service.
 Sincerely yours,
 JAMES M. ADAMS
Rule 1.150, entitled Sham Pleadings provides:
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b) Contents of Motion. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.
*570 In Guaranty Life Insurance Company of Florida v. Hall Bros. Press, Inc., 138 Fla. 176, 189 So. 243, 246 (1939), our supreme court stated that pleadings should not be stricken as sham "unless the falsity thereof clearly and undisputably appears." The court described a sham pleading as "a mere pretense set up in bad faith and without color of fact ... a plain fiction." Although at that time a motion to strike was only available to plaintiff, the rule was otherwise in substantially the same form as it is now.
In Sapienza v. Karland, Inc., 154 So.2d 204, 207 (Fla. 3d DCA 1963), the third district, reversing an order striking a pleading as sham, noted that the "instant situation does not leave the inescapable conclusion that the plaintiff was playing fast and loose with the court." See also, Meadows v. Edwards, 82 So.2d 733, 735 (Fla. 1955) (a sham pleading is a pleading "so undoubtedly false as not to be subject to a genuine issue of fact.")
Defendants concede that plaintiff's complaint states a cause of action for legal malpractice. Defendants' testimony in support of the motion to strike, to the effect that defendants' responsibilities to legally advise plaintiff were narrower than as were alleged in the complaint, did not demonstrate that the complaint was false in fact or a sham. Nor did the trial court state in the order granting the motion to strike that the complaint contained facts which were false. Rather the court concluded that the defendants had no duty to advise plaintiff on the issue which is the subject of the malpractice claim and that there was no proximate cause.
If defendants had demonstrated that they had never represented this client, or that they had not represented this client during a period of time when the alleged act of malpractice occurred, the complaint might well have been a sham pleading. Here, however, defendants have admitted they represented the client, but contend that the scope of their representation was not as broad as is alleged in the complaint. While defendants may ultimately be able to establish that they had no duty, that issue was not susceptible of being resolved on the state of this record by a motion to strike.
Reversed.
WARNER and PARIENTE, JJ., concur.