PER CURIAM.
This was an action on a promissory note. The note contained a recital that it was secured by real property. Appellant, the payee and holder of the note, failed to file a claim against the estate of the payor of the note within the time permitted by section 733.702(3), Florida Statutes (1993). Upon motion, the trial court struck the complaint as a sham and final judgment was entered.
The Florida Supreme Court in Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, 189 So. 243, 246 (Fla.1939), stated that “a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisput-edly appears.... [I]t must evidently be a mere pretense set up in bad faith and without color of fact ... [and be] shown to be a mere fiction.” See also Meadows v. Edwards, 82 So.2d 733 (Fla.1955) (in order to justify striking of a pleading for being sham, it must be so undoubtedly false as not to be subject to genuine issue of fact); Pentecostal Holiness Church, Inc. v. Mauney, 270 So.2d 762, 769 (Fla. 4th DCA 1972), cert. denied, 276 So.2d 51 (Fla.1973) (sham pleadings are those which are inherently false and must have been known by the interposing party to be untrue); Sapienza v. Karland, Inc., 154 So.2d 204 (Fla. 3d DCA 1963) (pleading may be considered sham when its falsity clearly and indisputably appears).
There were no allegations in the pleadings that the note was forged or that it had been paid, or that it contained a falsity of any kind. It therefore seems evident that the complaint was stricken solely for failure to comply with the non-claims statute. That was error. Section 733.702(4) excludes proceedings to enforce hens and mortgages from the operation of the non-claims statute. This was such an action. It would be premature to consider whether the language on the note is sufficient to satisfy section 697.01, Florida Statutes (1993), or whether some other defect of form or substance may ultimately defeat recovery. The simple and preliminary issue upon which we resolve the present appeal is the appropriateness of striking the complaint as a sham.
We reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
DELL, C.J., and HERSEY and STONE, JJ., concur.