662 So.2d 388 (1995)
DESTINY CONSTRUCTION COMPANY, Appellant,
v.
MARTIN K. EBY CONSTRUCTION, etc., et al., Appellee.
No. 94-2579.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
*389 Nevin A. Weiner of Livingston, Patterson, Strickland & Weiner, P.A., Sarasota, for appellant.
John R. Hamilton of Foley & Lardner, Orlando, for appellees.
ANTOON, Judge.
Destiny Construction Company (Destiny) sued Martin Eby Construction Company (Eby) and Eby's surety, Federal Insurance Company, for breach of a construction contract. Destiny appeals the trial court's final summary judgment in favor of Eby. We reverse.
Eby entered into a contract with the City of Orlando to expand and improve a water pollution control facility. Eby later entered into a subcontract with Destiny, an underground utilities subcontractor, to install underground piping. Destiny's complaint alleges that Eby breached the subcontract by failing to make timely payments to Destiny as required by the contract, and to compensate Destiny for delays in performance caused by Eby. The complaint, seeking $1,187,592 in damages, consists of three counts  suit on the payment bond, breach of contract, and quantum meruit.
At the conclusion of discovery, Eby filed two motions seeking summary judgment. Eby argued that Destiny's complaint should be stricken and summary judgment entered because the complaint was a sham pleading,[1] and no genuine issues of material fact existed.[2] In support of both motions, Eby asserted the position that summary judgment was appropriate because the record demonstrated that the subcontract price was $1,407,942, while the costs expended by Destiny in performance of the subcontract, as established by Destiny's records and verified by its accountant, were only $1,232,964, resulting in a profit to Destiny of $181,823.
In opposition to the motions, Destiny submitted the affidavit of the president of Destiny Construction Company, who explained that Destiny's claim of breach of contract was viable because, while the original subcontract anticipated a twelve-month work schedule, Destiny was actually on the project site for twenty-four months due to Eby's delays which resulted in more than twice the crew days required by the original subcontract, as well as additional overhead expenses. Destiny also submitted the affidavit of a construction management consultant and claims specialist, who, after reviewing Destiny's records, opined that Destiny had been required to "incur significant cost overruns." The consultant went on to testify that equipment and home office overhead costs had not *390 been included in the documentation relied upon by Destiny's accountant. While not giving an exact amount of the damages suffered by Destiny, it was the consultant's opinion that Destiny had a "valid and substantial claim" against Eby in excess of $2.6 million due to cost overruns caused by Eby, and Eby's failure to pay Destiny in accordance with the terms of the subcontract. Finally, in opposition to Eby's motions, Destiny offered the affidavit of a certified public accountant (CPA), specializing in accounting for construction contractors and subcontractors, who had reviewed the report compiled by the construction management consultant and the deposition of Destiny's accountant. It was the CPA's opinion that the consultant's summary was appropriate and that it was possible that the methods used by Destiny's accountant to develop its financial statements did not accurately reflect the actual and consequential costs incurred by Destiny on the project.
At the conclusion of the hearing on the motions for summary judgment, the trial court found that there was no issue as to any material fact and granted both the motion to strike as sham, and the motion for summary judgment. A summary final judgment was then entered in favor of Eby, and this appeal timely followed.
The first issue is whether the trial court erred in striking Destiny's complaint as a sham and entering a summary judgment in favor of Eby on the merits. Because striking a pleading is an extreme measure, it is not favored in the law. Slatko v. Virgin, 328 So.2d 499, 500 (Fla. 3d DCA 1976). In order to warrant the rejection of a pleading as a "sham plea," the pleading must be a mere pretense, set up in bad faith and without color of fact. Ader v. Temple Ner Tamid, 339 So.2d 268, 270 (Fla. 3d DCA 1976). Accord Meadows v. Edwards, 82 So.2d 733 (Fla. 1955); Sapienza v. Karland, Inc., 154 So.2d 204 (Fla. 3d DCA 1963). In other words, a plea is considered a sham when it is inherently false and, based on plain or conceded facts, clearly known to be false at the time the pleading was made. Menke v. Southland Specialties Corp., 637 So.2d 285 (Fla. 2nd DCA 1994); West Palm Golf Commission v. Adams, 633 So.2d 568 (Fla. 4th DCA 1994). In ruling upon a motion to strike, the trial court must resolve all doubts in favor of the pleading. Meadows, 82 So.2d at 735. Thus, on review, where there is no showing that a pleading was plain fiction or undoubtedly false, the pleading must be reinstated. Menke, 637 So.2d at 285. Accord Jaruagua Enterprises, Inc. v. Dom, Inc., 339 So.2d 702 (Fla. 3d DCA 1976); Slatko v. Virgin, 328 So.2d 499 (Fla. 3d DCA 1976).
While it is easy to understand the trial court's concern that Destiny might be overstating its damages, especially since Destiny's own accounting records cast doubt on the accuracy of the amount of damages sought, it was error for the trial court to strike Destiny's complaint. In this regard, Destiny's claim of damages was supported by affidavits, and Eby failed to present record evidence that the claim was indisputedly false, set up in bad faith, or without color of law. Moreover, damages is not the only issue framed by Destiny's complaint, but rather, there is also the basic question of whether Eby breached the parties' subcontract. In this regard, even if Destiny is not able to prove that it sustained actual damages as a result of the breach, Destiny would be entitled to recover nominal damages upon a showing of breach of contract. See Onontario of Florida, Inc. v. R.P. Trucking Co., 399 So.2d 1117 (Fla. 4th DCA 1981). Accord Indian River Colony Club v. Schopke Construction & Engineering, Inc., 619 So.2d 6 (Fla. 5th DCA 1993); Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980) rev. denied, 392 So.2d 1377 (Fla. 1981). By striking the pleading, the trial court has deprived Destiny of proving the breach.
The second issue for determination is whether the trial court erred in granting Eby's motion for summary judgment filed pursuant to Rule 1.510, Florida Rules of Civil Procedure. In filing a motion for summary judgment, the moving party undertakes the burden of proving that there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court must view the evidence in a light most favorable to the non-moving party and must draw every *391 reasonable inference in favor of the party against whom the motion is made. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holland v. Verheul, 583 So.2d 788 (Fla. 2d DCA 1991).
As discussed above, the instant record demonstrates that genuine issues of material fact exist regarding what, if any, damages are due Destiny, and whether Eby breached the subcontract. Accordingly, summary judgment is not appropriate on this record.
REVERSED and REMANDED with instructions to reinstate Destiny's complaint.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] Rule 1.150, Florida Rules of Civil Procedure, provides in part:

(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
[2] See Fla.R.Civ.Pr. 1.510 (summary judgment shall be entered if no genuine issue as to material fact exists in the record and the moving party is entitled to judgment as a matter of law.)