711 So.2d 1329 (1998)
ST. JOHN MEDICAL PLANS, INC., Appellant,
v.
PHYSICIAN CORPORATION OF AMERICA and Alberto Gutman, Appellees.
No. 97-1054.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied July 15, 1998.
*1330 James V. Johnstone, Karen Gievers, Miami, for appellant.
Young, Berman & Karpf, North Miami Beach; Gilbride, Heller & Brown and Dyanne E. Feinberg, Miami, for appellees.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
PER CURIAM.
Appellant, plaintiff below, appeals an order striking its claims of tortious interference and conspiracy to tortiously interfere with a contract as sham. Essentially, the appellant alleged that the appellees wrongfully induced a state agency to terminate the appellant's Medicaid contract. The appellees moved to strike the claims as sham. In support of their motion, the appellees adduced sworn denials of the allegations by various witnesses who proffered other reasons for the state's termination of the contract which did not involve actions by the appellees. We reverse.
The striking of a party's pleadings for sham is governed by Florida Rule of Civil Procedure 1.150 which provides as follows:
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b) Contents of Motion. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required. *1331 Fla. R. Civ. P. 1.150. A sham pleading has been defined as "one that while in good form is false in fact, or one good in form but false in fact and not pleaded in good faith". Meadows v. Edwards, 82 So.2d 733, 734 (Fla. 1955) (citation omitted). In order to justify the striking of a pleading as sham or for being false, it must be so undoubtedly false as not to be subject to a genuine issue of fact. See id. at 735; see also Slatko v. Virgin, 328 So.2d 499, 500 (Fla. 3d DCA 1976); Destiny Constr. Co. v. Martin K. Eby Constr., 662 So.2d 388, 390 (Fla. 5th DCA 1995)("In order to warrant the rejection of a pleading as a `sham plea,' the pleading must be a mere pretense, set up in bad faith and without color of fact"). In other words, we have said that "a pleading may be stricken as a sham only where it is shown to be palpably or inherently false. A hearing on a motion to strike is not a hearing to try the issues but to determine whether there are any genuine issues to be tried." Slatko, 328 So.2d at 500 (citations omitted). Moreover, the fact that a court may deem a pleading to have little prospect of success on the merits is not a sufficient basis upon which to grant a motion to strike. See Reif Dev., Inc. v. Wachovia Mortgage Co., 340 So.2d 1267, 1268 (Fla. 4th DCA 1976) (citation omitted).
Based upon these established standards and our view of the stricken pleadings and the record evidence, we are unable to agree with the lower court's conclusion that the pleadings are palpably or inherently false. The allegations by their very nature, may not lend themselves to proof by direct evidence and the appellant may very well have to rely upon circumstantial evidence to establish these claims. Thus, we think the sworn denials of the allegations made by the appellees and other witnesses are insufficient to support the conclusion that the stricken pleadings are a plain fiction or undoubtedly false. In a subsequent proceeding, the appellees may very well demonstrate by a greater weight of the evidence that the appellant's claims lack merit and that they should therefore prevail. But in the present posture of this case, neither we nor the trial court should weigh these issues and resolve this conflict on a motion to strike as sham. See id. at 1268.
Reversed and remanded for further proceedings.