SILBERMAN, Judge,
concurring in part and dissenting in part.
I concur with the majority that Mr. Cunningham’s counterclaims for violation of the Fair Debt Collection Practices Act, violation of the Florida Consumer Collection Practices Act, and abuse of process are compulsory counterclaims that are not reviewable in this appeal. However, I disagree that the counterclaims for defamation and negligence are permissive rather than compulsory and that they are reviewable in this appeal.
The defamation and negligence counterclaims, like Mr. Cunningham’s other coun *442 terclaims, are logically related to MBNA’s complaint for damages and domestication of its arbitration award. MBNA is seeking payment that is allegedly due as a result of transactions made on a credit card issued in Mr. Cunningham’s name. MBNA obtained an arbitration award for nonpayment of the transactions and then filed suit in the trial court to recover its damages. Mr. Cunningham’s counterclaims, as pleaded, all arise from the same core of operative facts that give rise to MBNA’s claim: MBNA issued a credit card in Mr. Cunningham’s name; it allowed credit transactions to be made on the card; it pursued collection efforts, including arbitration proceedings, to recover payment; and it instituted suit to recover payment. In addition, the defamation and negligence counterclaims assert legal rights that would not have arisen had MBNA not pursued payment for the credit card transactions. For example, in the defamation counterclaim, Mr. Cunningham asserts that MBNA engaged in misconduct by falsely notifying credit reporting agencies that he had defaulted and had failed to pay the financial obligations arising from the credit card transactions. In the negligence counterclaim, Mr. Cunningham asserts that MBNA breached statutory and other duties by opening the credit card account and extending credit in his name; in allowing the unauthorized use of his “identification and information without verification”; in harassing him to collect the unpaid charges; in pursuing “an unauthorized and invalid Arbitration Award” against him; and in filing suit against him while knowing that he was not liable for the indebtedness.
Based on the operative facts giving rise to Mr. Cunningham’s counterclaims, I cannot agree that the defamation and negligence counts are permissive counterclaims. In my view, all of Mr. Cunningham’s claims are compulsory counterclaims that must await an appeal from the final judgment. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); Yunger v. Oliver, 803 So.2d 884, 887 (Fla. 5th DCA 2002). Accordingly, I would dismiss this appeal.