PER CURIAM.
This is an interlocutory appeal from an order of the Circuit Court of Broward County striking the counterclaim of defendant-wife in an action brought by her husband under Section 61.10, Florida Statutes, F.S.A. We reverse.
Plaintiff-husband, who was living apart from his wife at the time of commencement of the pending suit, brought a petition under Section 61.10, Florida Statutes, F. S.A., for an adjudication of his financial obligations to the defendant and their children, and to fix custody and visitation rights of the parties. Section 61.10 provides as follows:
“61.10 Rights of husband unconnected with causes of divorce. — Except when *741 relief is afforded by some other pending civil action, a husband residing in this state apart from his wife and minor children, whether or not such separation is through his fault, may obtain an adjudication of his obligation to maintain his wife and minor children, if any. The court shall adjudicate his financial obligations to such wife or children or both and fix the custody and visitation rights of the parties and enforce them. Such an action does not preclude either party from maintaining any other cause of action under this chapter for other or additional relief at any time.”
Defendant-wife answered and counterclaimed for separate maintenance with grounds for divorce under F.S. Section 61.-09, F.S.A., and additionally asked for attorney’s fees and court costs of defending the suit. Section 61.09 provides:
“61.09 Alimony unconnected with divorce. — If any of the causes of divorce in § 61.041, exist in favor of wife or if any husband having ability to maintain or contribute to the maintenance of his wife or minor children fails to do so and she is living with her husband or apart from him through his fault, she may obtain alimony and support for minor children without seeking a divorce and the court has jurisdiction to grant such temporary and permanent alimony support, suit money and attorney’s fees as the circumstances of the parties render equitable and to make such orders as are necessary to secure such sums to her; but no alimony shall be granted to an adulterous wife.”
Plaintiff then moved to strike defendant’s counterclaim on the grounds that, (1) “no additional relief is being sought, that separate maintenance is being requested, not divorce, and maintenance of Defendant and children of the parties is being sought and maintenance only, and Plaintiff already requested this in his Complaint”; (2) “ * * * testimony as to grounds for divorce, or other matters is not material and would be surplusage as Plaintiff is asking the Court to determine a fair and equitable amount for said support to Defendant and children of the parties”; and (3) “ * * * that Defendant already has child support furnished by Plaintiff, that the Defendant already has use of marital residence, that Defendant already has suitable automobile for her personal use and for use of the children of the parties.” This motion to strike was granted by the trial court and constitutes the basis of this appeal. ^
Plaintiff’s motion was not verified as is required by Rule 1.150(a), F.R.C.P., 30 F.S.A., and therefore will be construed as a motion made under-Rule 1.140(f), F. R.C.P. That rule provides that “ * * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.”
Since defendant-wife’s counterclaim is based upon her statutory rights under F.S. Section 61.09, F.S.A., it would be improper to strike it, unless it can be said as a matter of law that the statute is in all respects identical to and provides the same relief as F.S. Section 61.10, F.S.A., thus making defendant’s counterclaim redundant. This is not the case. A wife’s rights under F.S. Section 61.09, F.S.A., depend either on the existence of grounds for divorce or upon need coupled with the husband’s failure to provide support, whereas the husband may obtain a § 61.10 adjudication without any findings of fault or need. In the instant case, defendant’s claim is predicated upon grounds for divorce, which she seeks to prove by her counterclaim. Therefore, we conclude that although the ultimate award to the wife and children may be the same under either § 61.09 or § 61.10, the elements of proof necessary to establish a claim under § 61.09 are distinct from the elements necessary under § 61.10, *742 so that it is not “redundant” to ask for § 61.09 relief in a § 61.10 suit.
Moreover, if defendant is denied her right to raise grounds for divorce in the present action, she may be collaterally es-topped from bringing a later § 61.09 action, since the financial obligations of the husband will already have been determined at that time, and her later suit would represent an attempt to adjudicate the same issue twice.
Furthermore, in order for a wife to obtain the benefits of Section 61.11, Florida Statutes, F.S.A., which releases her from the control of her husband, and gives her the right to use her alimony, and acquire, use and dispose of other property, uncontrolled by her husband, there must first be a judgment of alimony under Sections 61.-08 or 61.09, Florida Statutes, F.S.A. Since as we have indicated above, her failure to raise her Section 61.09 rights now may bar her from raising them in a later suit, striking her counterclaim would leave her with no means, apart from a divorce action, of being released from the control of her husband. This the statute clearly did not contemplate.
Finally, the counterclaim of defendant-wife seeks attorney’s fees and court costs in the pending action, a right not provided for by Section 61.10 nor put at issue by the husband’s complaint.
For the above reasons, we conclude that defendant’s counterclaim is neither redundant nor immaterial and that the court erred in granting plaintiff’s motion to strike.
Thus, the interlocutory order appealed from herein is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN, McCAIN and REED, JJ„ concur.