ANTOON, Judge.
Lawrence E. Decker sued the County of Volusia (the County) seeking declaratory and injunctive relief for alleged violations of Chapters 119 and 194 of the Florida Statutes pertaining to tax assessments on real property. The County moved to strike Decker’s second amended complaint on three grounds: first, that count one failed to allege anything different from the “frivolous allegations” contained in Decker’s previously filed amended complaint; second, that count two was a sham because the county property appraiser had given Decker everything in his possession pertaining to the tax assessment of Decker’s property; and third, that the complaint failed to set forth a cognizable cause of action because it failed to allege that the tax assessment on Decker’s property was arbitrary and capricious. The trial court granted the County’s motion to strike and later entered summary judgment in favor of the County. Decker appeals this ruling. We reverse.
It appears that the trial court based its decision to strike Decker’s second amended complaint on rule 1.150 of the Florida Rules of Civil Procedure since rule 1.150 is the only rule which authorizes the striking of an entire pleading.[1] The rule provides:
RULE 1.150 SHAM PLEADINGS
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b) Contents of Motion. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.
Our court has explained that a pleading is considered a sham only “when it is inherently false and based on plain or conceded facts, clearly known to be false at the time the pleading was made.” Destiny Const. Co. v. Martin K. Eby Const., 662 So.2d 388, 390 (Fla. 5th DCA1995). Furthermore, in deciding whether to strike a pleading as a sham “the trial court must resolve all doubts in favor of the pleading.” Id.
The sanctions provided by rule 1.150, including the entry of a summary judgment, are reserved in order to address pleadings *652 containing false allegations of fact. Consequently, while a frivolous pleading or a pleading which fails to set forth an essential allegation may fail to state a cause of action, as long as the pleading contains truthful allegations, the pleading is not subject to a motion to strike under rule 1.150. Stated another way, neither the failure to include all the essential elements of a cause of action, the inclusion of redundant allegations, nor the frivolous nature of a pleading constitute sufficient grounds to strike a pleading in its entirety under the rule.
Here, the County failed to establish that Decker’s second amended complaint was plain fiction, undoubtedly false, mere pretense, or otherwise without color of fact. Moreover, the County failed to verify its motion as required by the rule. Accordingly, we must reverse the trial court’s order and reinstate Decker’s second amended complaint.
We note that, simultaneous with entering its order striking the second amended complaint, the trial court also entered a summary final judgment in favor of the County. However, the summary judgment was granted as to Decker’s first amended complaint. Since we are reinstating Decker’s second amended complaint, we must also vacate the summary final judgment and remand this matter to the trial court for further proceedings.
ORDER STRIKING SECOND AMENDED COMPLAINT REVERSED; SUMMARY FINAL JUDGMENT VACATED; CAUSE REMANDED.
THOMPSON, J., concurs.
GRIFFIN, C.J., dissents with opinion.

. Florida Rule of Civil Procedure 1.140(1) permits the trial court to strike redundant, immaterial, impertinent or scandalous matter from any pleading at any time. Rule 1.180 allows for the striking of a third-party claim. Rule 1.200 authorizes a trial court to strike pleadings for a party's failure to attend a case management conference. Finally, rule 1.380(d) allows the trial court to strike pleadings or portions thereof when a party fails to comply with a discovery order, fails to appear for a deposition, fails to serve answers or objections to interrogatories, or fails to serve a written response to a request for inspection. None of these provisions is applicable here.