707 So.2d 765 (1998)
James Ronald SWINNEY, Appellant,
v.
CITY OF TAMPA and Mike Peterson, Appellees.
No. 96-05187.
District Court of Appeal of Florida, Second District.
January 9, 1998.
James R. Swinney, South Bay, pro se, Appellant.
Kirby C. Rainsberger, Assistant City Attorney, Tampa, for Appellees.
PER CURIAM.
James Ronald Swinney appeals the trial court's order dismissing his complaint with prejudice on res judicata grounds. We reverse.
In February of 1994, Swinney filed a second amended petition for writ of replevin against the City of Tampa Police Department, the City of Tampa, Detective Randy S. Bell and Mike Peterson for the return of a diamond engagement ring, alleged to be an antique family heirloom. That action was dismissed with prejudice after Swinney failed to properly serve an amended complaint that complied with the Rules of Civil Procedure. This court affirmed the dismissal on October 13, 1995. See Swinney v. City of Tampa Police Dep't, 662 So.2d 940 (Fla. 2d DCA 1995).
On February 1, 1996, Swinney filed a two count complaint against the City of Tampa and Mike Peterson, seeking damages in excess of $15,000 for the loss of the diamond engagement ring. Count one stated a cause *766 of action for negligence and count two stated a cause of action for conversion. In response, the defendants filed a motion to dismiss, asserting the doctrine of res judicata. The trial court granted the motion and dismissed the action with prejudice on the ground that "the plaintiff previously brought an action against these defendants arising out of the same transaction that is the subject of the instant case."
We reverse the dismissal because res judicata is an affirmative defense, pursuant to Florida Rule of Civil Procedure 1.110(d), and cannot be raised in a motion to dismiss unless the allegations of a prior pleading demonstrate its existence. See Fla. R. Civ. P. 1.140(b); Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA 1989). Therefore, the trial court erred by considering an affirmative defense that does not appear on the face of a prior pleading. See Temples v. Florida Indus. Constr. Co., 310 So.2d 326 (Fla. 2d DCA 1975). Furthermore, even if res judicata had been properly raised, the doctrine has no applicability here where there was no adjudication on the merits in the first suit and where the relief sought in the second suit was not the same relief sought in the first suit. Daniel v. Department of Transp., 259 So.2d 771 (Fla. 1st DCA 1972).
Accordingly, we reverse the order of dismissal and remand for further proceedings.
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.