SHARP, W., J.
Varnadoe, the mortgagor, appeals from the summary final judgment of foreclosure of a purchase money mortgage secured by real property located in Volusia County, Florida. We affirm.
The resolution of this cause was delayed below by Varnadoe’s filing an Answer and Affirmative Defenses, plus other pleadings entitled an Affidavit of Discharge, a Bill of Exchange and a Bill of Acceptance, which were, as the trial court found in striking her pleadings, “illogical, incomprehensible, and immaterial to the issues raised in'the complaint and have no bearing on the decision of this Court.” The foreclosure sale and appeal were further delayed by Varna-doe’s filing for Chapter 13 bankruptcy, a proceeding later dismissed, and by Varna-doe’s inability to timely comply with the appellate rules.
In any event, the sole issue before us is whether the trial court failed to comply with Florida Rule of Civil Procedure 1.150 by not requiring that the Motion to Strike filed by Union Planters Mortgage, Inc., the mortgagee, be verified and supported by an affidavit and that it erred in failing to hold an evidentiary hearing. The trial court, in fact, did hold a hearing on the motion, which Varnadoe elected not to attend.
Because it is evident to us that the trial court relied solely on rule 1.140(f), which does not require verification or an affidavit or an evidentiary hearing, we find this appeal without merit. Although Union Planters’ motion mentions “sham”pleadings and also describes some of Varnadoe’s pleadings as “bogus,” the trial court expressly relied on rule 1.140(f) in striking the mortgagor’s pleadings.
After reviewing Varnadoe’s pleadings and attachments, we agree with the trial court. We affirm its decision to strike pursuant to rule 1.140(f) because the entire pleadings were wholly irrelévánt to Union Planters’ cause of action. See Chris Craft Industries, Inc. v. Van Valkenberg, 267 So.2d 642, 645 (Fla.1972); Rice-Lamar v. City of Ft. Lauderdale, 853 So.2d 1125, 1133 (Fla. 4th DCA 2003); Dover v. Dover, 241 So.2d 740 (Fla. 4th DCA 1970).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.