THOMPSON, J.
Upland Development of Central Florida, Inc. (“Upland”) argues that the trial court applied the incorrect standard in dismissing its complaint with prejudice based on the doctrine of res judicata. Because res judicata is an affirmative defense, the trial court erred in granting the motion to strike the complaint based upon res judica-ta alone. We reverse.
Upland, a general contractor, filed a complaint against appellee, Whittaker Lloyd Bridge (“Bridge”), alleging fraud and violation of Florida’s Deceptive and Unfair Trade Practices Act concerning a construction project for which Amwell Corporation (“Amwell”) was a subcontractor. While the apartment complex was under construction, Bridge, as President of Amwell, signed and submitted partial lien waivers and releases to Upland. These releases represented that Amwell’s laborers and suppliers had been paid for labor and materials furnished on the project for specific months. The complaint alleged that the lien waivers and releases were fraudulent and that Upland relied upon the liens’ misrepresentations by making monthly payments to Amwell. These payments exceeded $80,000. Upland subse *944 quently learned that Amwell had failed to pay its suppliers and laborers.
Bridge filed a verified motion to strike the complaint as a sham pleading pursuant to rule 1.150, Florida Rules of Civil Procedure. He contended res judicata barred the complaint because the allegations had been tried to judgment from arbitration in Osceola County Circuit Court case no. Cl 02-2333.
Upland argued that res judicata did not apply because the arbitration and the present case were premised upon different theories and parties. The first matter was a breach of contract action for damages attributable to back charges, failure to perform fire caulking and fire dampers, and failure to provide a warranty, while the present case sought damages for reliance on Bridge’s misrepresentations.
After a hearing, the trial court ruled:
I think it was part of the arbitration. We have a very broad arbitration clause in this case. Everything that you are attempting to plead in this complaint, I believe, was before the arbitrator, maybe not in exactly the same form; but it certainly arose out of the performance of this contract. There is sufficient identity of parties since you cannot choose to first sue the corporation and then sue the individual president of the corporation in the same theory. So the motion to strike the complaint with prejudice is granted on the basis of res judicata.
This appeal followed entry of the written order.
Upland argues that, when Bridge raised res judicata in his motion to strike, he led the trial court to rule on the merits of the case rather than on the truthfulness of the challenged pleading as rule 1.150(a) requires when ruling on a motion to strike. Bridge responds that the rule allows the striking of a pleading when there is evidence of falsity or fraud. Alternatively, he suggests that rule 1.140(f), Florida Rules of Civil Procedure, also provides a mechanism for striking a pleading that proposes to “re-hash” prior issues, causes of action, or previously adjudicated arguments. Bridge acknowledges, however, that the trial court did not rely on rule 1.140 to reach its decision.
The standard of review for an order granting a motion to strike is abuse of discretion. Thomas v. Thomas, 589 So.2d 944, 946 (Fla. 1st DCA 1991). A motion to dismiss, however, is subject to de novo review. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582 (Fla.2000). Because striking a pleading is an extreme measure, it is disfavored in the law. Yunger v. Oliver, 803 So.2d 884, 886 (Fla. 5th DCA 2002).
In ruling upon a motion to strike, the trial court must resolve all doubts in favor of the pleading; thus, on review, where there is no showing that a pleading was plain fiction or undoubtedly false, the pleading must be reinstated. Yunger, 803 So.2d at 886. A pleading is considered a sham when it is inherently false and based on plain or conceded facts clearly known to be false at the time the pleading was made. Decker v. County of Volusia, 698 So.2d 650, 651 (Fla. 5th DCA 1997); Destiny Constr. Co. v. Martin K. Eby Constr., 662 So.2d 388, 390 (Fla. 5th DCA 1995). “Neither the failure to include all the essential elements of a cause of action, the inclusion of redundant allegations, nor the frivolous nature of a pleading constitute sufficient grounds to strike a pleading in its entirety under the rule.” Decker, 698 So.2d at 652.
 Thus, a hearing on a motion to strike a pleading as sham is not for the purpose of trying the issues, but rather *945 serves the purpose of determining whether there are any genuine issues to be tried. Cromer v. Mullally, 861 So.2d 523, 525 (Fla. 3d DCA 2003). Res judicata is an affirmative defense that may not be raised by motion to dismiss because it requires pleading and proof. Glass v. Armstrong, 330 So.2d 57, 58 (Fla. 1st DCA 1976); see also Swinney v. City of Tampa, 707 So.2d 765, 766 (Fla. 2d DCA 1998) (reversing dismissal because res judicata is an affirmative defense and cannot be raised in a motion to dismiss unless the allegations of a prior pleading demonstrate its existence).
Glass and Swinney are dispositive. The complaint in this case does not mention the arbitration award or in any way refer to a previous suit involving the same parties. There is no showing that the complaint was plain fiction or undoubtedly false and, therefore, it must be reinstated. Yunger, 803 So.2d at 886.
Upland correctly asserted on appeal that the trial court utilized the wrong standard to reach its decision because it did not make a determination about the truth or falsity of the complaint’s allegations. Instead, the trial court looked to the merits of the complaint by taking notice of the arbitration proceedings, i.e., the trial court acknowledged the arbitration documents that Bridge attached to his motion to strike. It was improper for the trial court to consider extrinsic evidence to reach its decision. See Swinney, 707 So.2d 765. We therefore reverse.
Bridge suggests that rule 1.140(f) also provides a mechanism for striking a pleading that proposes to “re-hash” prior issues, causes of action, or previously adjudicated arguments. However, according to Decker, 698 So.2d at 651, rule 1.150 is the only rule that authorizes the striking of an entire pleading. Therefore, Bridge’s alternative argument fails.
Because we reverse on the ground of trial court error in applying the doctrine of res judicata, we need not reach the question of whether it properly applied the doctrine. Finally, Bridge did not raise collateral estoppel before the lower court and cannot raise that argument for the first time on appeal. Keech v. Yousef, 815 So.2d 718, 719-720 (Fla. 5th DCA 2002).
Accordingly, we reverse the order striking the complaint, reinstate the complaint, and remand for further proceedings.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.