MAY, C.J.
Personal guarantors appeal a summary final judgment of foreclosure and recovery on the personal guarantees. They argue the trial court erred in striking their affirmative defenses of lack of personal jurisdiction and improper service, and in granting summary judgment on the foreclosure, as genuine issues of material fact remained unresolved. We affirm in part and reverse in part.
The borrower executed and delivered a promissory note and mortgage to the lender, encumbering both realty and personalty. The note specified a maturity date nearly eighteen months later. It also contained an option to extend the maturity date for a single six-month period based upon certain conditions (written request for extension, absence of default, and upfront payment of a one quarter of one percent “renewal fee”).
Each of the guarantors also executed and delivered a Continuing Unlimited Guaranty, by which each personally and unconditionally guaranteed repayment of the loan and accepted joint and several . liability regardless of the borrower’s liability. The borrower exercised the option to extend the maturity date in writing and paid the prescribed fee.
Thereafter, the borrower made another written request for a further ninety-day maturity date extension. The lender made clear that it would not approve a further extension without the borrower and guarantors providing certain information, including updated financial statements. The guarantors admitted in deposition that the lender made numerous demands for the information. Based on continuing promises that the information would be provided, the lender advised it would grant a forty-five, not ninety-day, extension. Two of the guarantors failed to provide the financial information prior to the scheduled maturity date.
About five months after the default, the lender sent letters demanding payment. The next month, the lender filed suit to: (a) foreclose its mortgage against the borrower; (b) recover on the note; and (c) recover on the separate guaranties. As to the four out-of-state guarantors, the complaint alleged that each was:
[S]ui juris and ... subject to [personal] jurisdiction, inter alia, as: operating, conducting, engaging in, or carrying on a business or business venture in this state ...; owning, using, possessing, or holding a mortgage or other lien on any real property within this state; breaching a contract in this state by failing to perform acts required by the contract to be performed in this state; and engaging in substantial and not isolated activity within this state.
The four out-of-state guarantors were each personally served with the complaint.
Before responding to the complaint, one of the guarantors called the lender’s attorney and indicated he was an attorney and would represent the defendants. He engaged in an email exchange, in which he agreed to respond on the merits without asserting jurisdictional or service defenses in exchange for the lender extending the time to respond and not objecting to an appearance pro hoc vice.
The guarantors subsequently responded through another attorney, admitted execution of the relevant loan documents, but alleged lack of jurisdiction and improper service of process with respect to the four out-of-state guarantors. They also filed a counterclaim alleging they relied on representations from the lender that the maturity date would be extended yet another *577 year in exchange for their payment of an appraisal; their reliance also delayed construction, which would have been completed and sold for a profit, but for these misrepresentations. The lender moved to strike several of the defenses.
The trial court struck the affirmative defenses of lack of jurisdiction and personal service, finding those defenses to have been waived.[1] The defendants were given fifteen days to amend.
The defendants sought to amend their affirmative defenses four times. The fifth and final version alleged the lender was estopped from accelerating, and had waived the right to accelerate, the loan balance. The lender moved to strike the defenses as legally insufficient, but subsequently withdrew the motion to strike and replied to the affirmative defenses.
The lender then moved for summary judgment. In its motion, the lender argued that the defenses: (a) failed to state any cognizable affirmative or other defense; (b) failed to contain requisite elements and/or sufficient ultimate facts; (c) were barred by provisions of the loan documents; (d) were barred by the statute of frauds; and (e) were barred by the parol evidence rule. The lender further argued that the affirmative defenses were disproved by the record. In support, the lender filed an Affidavit of Debt, other affidavits, and excerpts and exhibits from depositions. The borrower and guarantors filed affidavits and deposition excerpts in opposition to the motion.
The affidavit of the borrower’s corporate representative attested to the following: the lender agreed to extend the loan for another year in exchange for the borrower paying for another appraisal and an additional one-quarter of one percent of interest on the loan during the one year extension to be paid on the new maturity date; the borrower accepted the terms offered by the lender; and the borrower delayed construction in reliance upon the lender’s representation that the loan had been extended.
The affidavit of one of the guarantors also denied the default based on the extension of time and the verbal agreement of the parties. It provided that the lender debited $6,000 from the construction loan account for the appraisal, and continued to assure them that the loan had been extended for the additional year.
The trial court entered a final summary judgment of foreclosure. The trial court found the parties’ course of conduct revealed that all loan documents, including any extensions, were in writing and no competent evidence supported a waiver of that requirement. From this judgment, the guarantors appeal.[2]
We review orders striking affirmative defenses for an abuse of discretion. Upland Dev. of Cent. Fla., Inc. v. Bridge, 910 So.2d 942, 944 (Fla. 5th DCA 2005). “In ruling upon a motion to strike, the trial court must resolve all doubts in favor of the pleading; thus, on review, where there is no showing that a pleading was plain fiction or undoubtedly false, the pleading must be reinstated.” Id.
The guarantors argue the trial court should have considered only the legal sufficiency of their affirmative defenses before striking them. The lender responds *578 that the guarantors filed frivolous, legally insufficient affirmative defenses after agreeing not to dispute jurisdiction or service. Two affirmative defenses are at issue: (1) lack of personal jurisdiction; and (2) lack of service of process.
Here, while the guarantors raised insufficiency of service of process and lack of personal jurisdiction as affirmative defenses, they failed to plead those defenses with particularity as required by rule 1.140(b). Fla. R. Civ. P. 1.140(b). That rule requires that “[t]he grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived....” Id. The guarantors merely recited the defenses without setting forth “the substantial matters of law intended to be argued” and without stating “with particularity” the bases for those defenses. As the trial court found, the guarantors waived those defenses. The trial court properly exercised its discretion and struck those affirmative defenses. Cf. Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So.2d 72, 74-75 (Fla. 3d DCA 2005) (finding the affirmative defense of improper venue waived).
The guarantors next argue the trial court erred in granting summary judgment where there was conflicting material evidence as to whether the lender and borrower orally agreed to a one-year extension of the loan’s maturity date. The guarantors further argue the parol evidence rule does not bar the modification agreement. The lender responds that the affidavits in opposition to summary judgment contradicted the guarantors’ prior deposition testimony.
This court reviews summary judgments de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Florida law requires that “[t]he party moving for summary judgment bear[ ] the heavy burden of proving a negative — the nonexistence of a genuine issue of material fact. ‘If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied.’ ” Doe v. N. Okaloosa Med. Ctr., Inc., 802 So.2d 1202, 1203 (Fla. 1st DCA 2002) (quoting Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095 (Fla. 1st DCA 1999)). “[Sjummary judgment is appropriate only where each affirmative defense has been conclusively refuted on the record.” Pavolini v. Williams, 915 So.2d 251, 253 (Fla. 5th DCA 2005).
The lender argues the parol evidence rule and statute of frauds prohibit the guarantors from obtaining an extension of time by oral agreement. However, “[t]he parol evidence rule applies to verbal agreements between the parties to a written contract which are made before or at the time of execution of the contract. It does not apply to the admission of subsequent oral agreements that alter, modify, or change the former existing agreement between the parties.” Id. at 254 (emphasis added).
The statute of frauds generally prohibits a claim based on an oral agreement that is not to be performed within one year of its making. § 725.01, Fla. Stat. (2008). The guarantors argue that the statute of frauds does not bar their defense of equitable estoppel because the lender’s performance was complete upon its agreement to the extension of time, removing the oral agreement from the one year requirement of the Statute of Frauds. See Fla. Pottery Stores of Panama City, Inc. v. Am. Nat. Bank, 578 So.2d 801, 804 (Fla. 1st DCA *579 1991) (citing Yates v. Ball, 132 Fla. 132, 181 So. 341, 345 (1938)) (To fit within the statute of frauds, “it must be shown that neither party’s performance was intended to be complete within one year.”). Next, the guarantors argue that nothing in the oral agreement prevented them from paying off the loan before the end of the year. We find merit in both arguments, at least to the extent that they created genuine issues of fact, preventing the entry of summary judgment. Yates, 181 So. at 344 (finding the agreement at issue “con-tainted] no express provision that it should not be performed within a year....”).
Alternatively, a party may “ ‘ple[a]d themselves around’ the statute of frauds defense by demonstrating an estop-pel on the face of their pleading.” DK Arena, Inc. v. EB Acquisitions I, LLC, 31 So.3d 313, 324 (Fla. 4th DCA 2010) (quoting Young v. Pottinger, 340 So.2d 518, 520-21 (Fla. 2d DCA 1976)).[3] Here, the guarantors assert that they detrimentally relied upon the lender’s oral representations to extend the maturity date as evidenced by their consent to the $6,000 deduction from the loan proceeds to obtain a new appraisal and their forgoing the development and sale of the project. This is sufficient to create at least a genuine issue of material fact precluding summary judgment.
While the parties had previously entered into other extensions of time in writing, the alleged oral agreement to extend the maturity date another year occurred after the written contracts were executed. The evidence introduced in opposition to the motion for summary judgment created issues of fact on whether the lender should be estopped from foreclosing on the loan. The record contains an affidavit directly attesting to the oral agreement and the guarantors’ reliance on it. Because the lender was unable to disprove the affirmative defense, it failed to meet its burden.
Genuine issues of material fact remain precluding summary judgment. We therefore reverse the final summary judgment and remand the case to the trial court.

Affirmed in part, Reversed in part, and Remanded for further proceedings.

STEVENSON and GROSS, JJ., concur.

. The borrower’s amended counterclaim was later dismissed with prejudice for failure to state a cause of action based in part on Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999).

. The borrower did not appeal.

. It is important to note that both this case and DK Arena involve the use of equitable estoppel, not promissory estoppel, as a defense. The equitable estoppel defense has been recognized as a valid defense to the " 'new' statute of frauds which was enacted to protect lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with the borrower which the borrower construes as an agreement, the subsequent violation of which is actionable against the lender.” Brenowitz v. Cent. Nat’l Bank, 597 So.2d 340, 342 (Fla. 2d DCA 1992) (footnote omitted).