SUAREZ, J.
F.V. Construction Corp. (“F.V.”) and Frances Valera (‘Valera”) appeal a final judgment striking their amended complaint as a sham pleading and dismissing their action against the appellee, Community Bank of Florida, Inc. (“Community Bank”). We reverse the trial court’s determination and find that the amended complaint did not rise to the level of a sham pleading. Issues remain to be determined and, as such, there was no showing that the amended complaint was a plain fiction or undoubtedly false.
F.V.’s and Valera’s amended complaint against Community Bank alleged fraudulent misrepresentation, violation of Florida’s Blue Sky Laws, breach of contract, negligence, breach of fiduciary duty and good faith. The allegations arose from F.V.’s and Valera’s dealings with Community Bank, David Brouwer, and Great American Advisors. The amended complaint alleged, among other things, that Community Bank represented that Brou-wer worked for Community Bank and was in charge of investments. Valera deposited approximately $12,500,000.00, received from the sale of a parcel of investment property, with Community Bank, and, after investing the funds, claims to have lost approximately $2,500,000.00 in principal. Community Bank claimed, in its motion to strike sham pleading, that Brouwer was not employed by Community Bank, that Valera was aware of same and, as such, had no cause of action against Community Bank.
The allegations of the amended complaint do not rise to the level of a sham pleading. To constitute a sham pleading the pleading must be inherently false and based on plain or conceded facts clearly known to be false. Decker v. Cnty. of Volusia, 698 So.2d 650 (Fla. 5th DCA 1997). A hearing on a motion to strike a pleading as a sham is not a hearing to resolve the merits of the issues, but to determine if there are any genuine issues to be determined. Meadows v. Edwards, 82 So.2d 733 (Fla.1955); Slatko v. Virgin, 328 So.2d 499 (Fla. 3d DCA 1976). The amended complaint factually alleges issues yet to be determined on the merits. As such, it cannot be considered inherently false and based on plain or conceded facts clearly known to be false; which is the standard required to subject a pleading to being stricken as a sham.[1] See Meadows, 82 So.2d at 733; Decker, 698 So.2d at 650.
*1014 Therefore, because the trial court abused its discretion in granting the motion to strike, see Upland Dev. of Cent. Fla., Inc. v. Bridge, 910 So.2d 942 (Fla. 5th DCA 2005); Destiny Constr. Co. v. Martin K. Eby Constr., 662 So.2d 388 (Fla. 5th DCA 1995); Fla. R. Civ. P. 1.150, we reverse the order of the trial court and remand for further proceedings on the merits.
Reversed and remanded.

. It is important to note that we make no determination as to the merits of the amended *1014 complaint. The appeal and this opinion concern solely the procedural issue of whether the trial court erred in striking the amended complaint as a sham pleading.