# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-1369
LT Case Nos. 2019-CP-058938
2011-CP-053637
2012-CP-024994

_____

GEORGE DORA, as Personal
Representative of the ESTATE OF
MARY ROSE MORRISON, the
surviving spouse of PAUL
DOUGLAS MORRISON, and as Co-
Trustee of the MARY ROSE AND
DOUGLAS MORRISON FAMILY
TRUST, et al.

    Appellants,

    v.

MARC MORRISON, as Co-Trustee
of the MARY ROSE AND DOUGLAS
MORRISON FAMILY TRUST, U/A/D
10/05/2007, JULIE MORRISON
POIRIER, et al.

    Appellees.

_____

On appeal from the Circuit Court for Brevard County.
Morgan Laur Reinman, Judge.

Jennifer Kerkhoff, St. Petersburg, for Appellant, George
Dora.

Laurel A. Nugent, Rockledge, for Appellants, Lauren
Johnson, Alexis Johnson, and Christopher Johnson.

Alec Russell, of Gray Robinson, P.A., Melbourne, for Appellee, Marc Morrison.

R. Lee McElroy, of Downey McElroy, P.A., Palm Beach Gardens, for Appellee, Gould Cooksey Fennell, PLLC.

Matthew G. Hawk, of Sugarman Law, LLP, Atlanta, GA., for Appellee, Julie Morrison Poirier.

March 8, 2024

KILBANE, J.

George Dora ("Trustee Dora"), as personal representative of Mary Rose Morrison's estate and co-trustee of the Mary Rose and Douglas Morrison Family Trust ("Family Trust"), and Lauren, Alexis, and Christopher Johnson (collectively "Appellants"), appeal an order granting Marc Morrison's ("Trustee Morrison"), as co-trustee of the Family Trust, motions to strike petition to determine homestead status of real property.[1] On appeal, Appellants argue, inter alia, that the trial court erred because the Florida Rules of Civil Procedure do not apply in non-adversary probate proceedings. We find that Appellants are judicially estopped from asserting this argument. However, Appellants also argue that the motions to strike were procedurally deficient. We agree and reverse.

## Facts

In 2011, Mary Rose and Paul Douglas Morrison, a married couple, passed away. They both had adult children from previous marriages, and together they owned residential property in Melbourne, Florida ("the Subject Property"). Years prior to their

---

[1] Julie Morrison Poirier and Gould Cooksey Fennell, PLLC, are parties to this appeal along with Trustee Morrison and are collectively referred to as "Appellees."

2

death, they transferred title of the Subject Property to the Family Trust.

In 2013, Trustee Morrison and Trustee Dora, as co-trustees of the Family Trust, filed a verified complaint for partition and sale of the Subject Property in lieu of partition. The trial court entered a final order granting the co-trustees' uncontested motion for partition and sale in lieu of partition and approved the sale of the Subject Property.

In 2021, Mary Rose Morrison's adult children–Lauren, Alexis, and Christopher Johnson–filed petitions to determine homestead status of the Subject Property. They essentially argued that Florida's homestead protections were improperly applied to the Subject Property because it was still owned as tenancy by the entireties property. Trustee Dora joined the proceedings, as personal representative of Mary Rose Morrison's estate and co-trustee of the Family Trust, on the side of the Johnsons.

Trustee Morrison filed motions to strike the petitions to determine homestead status of real property or for more definite statement. The motions to strike did not identify which rule of civil procedure authorized their filing but argued various reasons why the petitions should be stricken including res judicata, collateral estoppel, lack of standing, lack of jurisdiction, and statute of limitations. The motions to strike were not verified or supported by an affidavit.

Prior to the hearing on Trustee Morrison's motions to strike, Appellants moved to consolidate the probate cases with three pending trust cases pursuant to Florida Rule of Civil Procedure 1.270. Two of the pending trust cases were filed in the circuit civil division. The motion to consolidate was contested but ultimately granted.

Subsequently, the trial court held a hearing on Trustee Morrison's motions to strike, the transcript of which is not provided on appeal. The court granted the motions and struck the petitions in their entirety. The court found, inter alia, that the property was not held as tenancy by the entireties, the facts alleged did not support a finding that the Subject Property did not

3

constitute protected homestead, and the petitioners were otherwise time barred and lacked standing. The court's order did not mention any rule of civil procedure, and it made no indication that the pleadings were a sham.

## Analysis

### A. Judicial Estoppel

When analyzing a probate case, "[t]he characterization of the proceedings is critically important for it determines which rules of court shall govern." *In re Est. of Brown*, 310 So. 3d 1131, 1132 (Fla. 2d DCA 2021) (quoting *In re Beeman's Est.*, 391 So. 2d 276, 278 (Fla. 4th DCA 1980)). "[R]ule 5.080(a) identifies rules of civil procedure that are applicable to *all* probate proceedings. Those rules pertain primarily to discovery, subpoenas, and depositions." *Id.* (citing Fla. Prob. R. 5.080(a)). Rule 1.270, Consolidation; Separate Trials, is not one of the rules of civil procedure enumerated in probate rule 5.080(a). Aside from rule 1.525, for the remainder of the rules of civil procedure to apply in probate cases, the proceeding must either be a listed adversary proceeding or declared an adversary proceeding. *See* Fla. Prob. R. 5.025.

Here, the underlying petitions are two petitions to determine homestead status of real property. Such a petition is not a listed adversary proceeding. *See* Fla. Prob. R. 5.025(a). Consequently, the proceedings needed to be declared adversary in order for the rules of civil procedure not listed in probate rule 5.080(a) to apply. Such a declaration did not occur.

However, beginning with the motion to consolidate, the parties carried on as if the proceedings were adversary. While an appellate court will not ordinarily apply the adversary proceeding label for the first time on appeal, an exception exists in cases of waiver or estoppel. *In re Beeman's Est.*, 391 So. 2d at 278. Here, the doctrine of judicial estoppel prevents Appellants from now taking the position that the rules of civil procedure should not have applied to the motions to strike.

"Judicial estoppel provides that '[o]ne who assumes a particular position or theory in a case is judicially estopped in a

4

later phase of that same case, or in another case, from asserting any other or inconsistent position toward the same parties and subject matter.'" *Whittingham v. HSBC Bank USA, NA as Tr. for Holders of Deutsche Alt-A Sec. Mortg. Loan Tr.*, *Series 2007-OA1*, 275 So. 3d 850, 852 (Fla. 5th DCA 2019) (alteration in original) (quoting *In re Adoption of D.P.P.*, 158 So. 3d 633, 639 (Fla. 5th DCA 2014)). In Florida, there are four elements to judicial estoppel:

> [1] A claim or position successfully maintained in a former action or judicial proceeding [2] bars a party from making a completely inconsistent claim or taking a clearly conflicting position . . ., [3] to the prejudice of the adverse party, [4] where the parties are the same in both actions, subject to the "special fairness and policy considerations" exception to the mutuality of parties requirement.

*Id.* (alteration in original) (quoting *Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc.*, 277 So. 3d 629, 631 (Fla. 5th DCA 2018)). "[J]udicial estoppel 'protects the integrity of the judicial process and prevents parties from making a mockery of justice by inconsistent pleadings and playing fast and loose with the courts.'" *Anfriany v. Deutsche Bank Nat'l Tr. Co. for Registered Holders of Argent Sec., Inc., Asset-Backed Pass-Through Certifs., Series 2005-W4*, 232 So. 3d 425, 427 (Fla. 4th DCA 2017) (quoting *Grau v. Provident Life & Accident Ins. Co.*, 899 So. 2d 396, 400 (Fla. 4th DCA 2005)).[2]

---

[2] We note that application of the doctrine of judicial estoppel may be invoked at the discretion of the court because it is "intended to prevent 'improper use of judicial machinery.'" *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Konstantinidis v. Chen*, 626 F.2d 933, 938 (D.C. Cir. 1980)); *see also Davis v. District of Columbia*, 925 F.3d 1240, 1256 (D.C. Cir. 2019) ("[T]he doctrine is not only a defense; because it also protects the integrity of the judicial process, a court may invoke judicial estoppel 'at its discretion.'" (quoting *New Hampshire*, 532 U.S. at 750)).

5

In their motion for rehearing and on appeal, Appellants argue that motions to strike were not permissible below because the proceedings were non-adversary probate proceedings. Typically, Appellants would be correct, and that argument would carry the day. Neither of the proceedings in which the motions were filed had been declared adversary and there is no similar probate rule under which Appellees could have been traveling. *See In re Est. of Brown*, 310 So. 3d at 1132 (finding rule 1.420(a), providing for voluntary dismissal of actions, inapplicable to non-adversary probate proceeding); *In re Est. of Arroyo v. Infinity Indem. Ins. Co.*, 211 So. 3d 240, 244–46 (Fla. 3d DCA 2017) (finding probate court erred and abused discretion when it improperly applied rule 1.230, providing for interventions, to non-adversary probate proceeding). However, this position is inconsistent with Appellants' successful motion to consolidate pursuant to rule 1.270, a rule which also does not apply in non-adversary proceedings. *See* Fla. Prob. R. 5.080(a).

Appellants urged the trial court to consolidate probate cases with circuit civil cases pursuant to rule 1.270. Appellants pursued consolidation for both discovery and trial, detailing the scathing nature of the litigation between and among the several parties involved here, over the opposition of Appellees, who relied on rule 1.270 to support their own position against consolidation for trial purposes. Once Appellants were granted their consolidation request in toto and only after having their petitions stricken did Appellants contest the applicability of the rules of civil procedure on rehearing, which was then noticeably filed pursuant to probate rule 5.020(d).

As such, Appellants would gain an unfair advantage derived from a clearly conflicting position asserted for the first time at rehearing if not judicially estopped. *See Anfriany*, 232 So. 3d at 428 (explaining that prejudice occurs when "the party seeking to assert an inconsistent position *would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped*" (quoting *Grau*, 899 So. 2d at 400)). This conduct is the "playing fast and loose with the courts" judicial estoppel is designed to prevent. Up until the motion for rehearing, the parties acted as though this was an adversary probate proceeding, so we review the propriety of the motions to strike pursuant to the rules

6

of civil procedure as though these were adversary probate proceedings.

## *B. Motions to Strike*

A lower court's ruling on a motion to strike is reviewed for an abuse of discretion. *Belson v. Miller*, 314 So. 3d 525, 527 (Fla. 3d DCA 2020) (citing *Upland Dev. of Cent. Fla., Inc. v. Bridge*, 910 So. 2d 942, 944 (Fla. 5th DCA 2005)). "Because striking a pleading is an extreme measure, it is disfavored in the law." *Bridge*, 910 So. 2d at 944 (citing *Yunger v. Oliver*, 803 So. 2d 884, 886 (Fla. 5th DCA 2002)).[3]

Florida Rules of Civil Procedure 1.150 and 1.140(f) address motions to strike. Rule 1.150 exists for the purpose of striking a "sham pleading." *See* Fla. R. Civ. P. 1.150. Under rule 1.150(b), a "motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit." A motion to strike filed pursuant to rule 1.140(f) is used to strike redundant, immaterial, impertinent, or scandalous matter from any pleading, and it contains no verification requirement. *See* Fla. R. Civ. P. 1.140(f).

Here, neither the motions to strike nor the trial court's order identifies which rule of civil procedure authorized the court to strike the petitions.[4] Nonetheless, "rule 1.150 is the only rule that authorizes the striking of an entire pleading." *Bridge*, 910 So. 2d at 945 (citing *Decker v. Cnty. of Volusia*, 698 So. 2d 650, 651 (Fla.

---

[3] Appellees argue that our review is precluded because Appellants failed to provide a transcript from the hearing below. Our review is not precluded despite the lack of a hearing transcript. *See, e.g.*, *Hirsch v. Hirsch*, 642 So. 2d 20 (Fla. 5th DCA 1994) ("[T]he appellate court is authorized to reverse a judgment as a matter of law where an error of law is apparent on the face of the judgment." (citing *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990))).

[4] The probate rules contain no parallel rules that would authorize a motion to strike.

5th DCA 1997)).[5] We previously rejected the argument that rule 1.140(f) "provides a mechanism for striking a pleading that proposes to 're-hash' prior issues, causes of action, or previously adjudicated arguments." *Id.* The petitions in this case similarly sought to "re-hash" prior issues. Under these circumstances and because the motions sought to strike the entire pleading, they had to have been filed and subsequently granted pursuant to rule 1.150, and verification was required. *See id.*; Fla. R. Civ. P. 1.150(b).[6]

Moreover, the trial court's order made several factual findings without making a determination that the petitions were a sham. This is not the purpose of a hearing on a motion to strike. *See Bridge*, 910 So. 2d at 944–45. "For a trial court 'to justify the striking of a pleading for being sham or false it must be so undoubtedly false as not to be subject to a genuine issue of fact.'" *Bornstein v. Marcus*, 169 So. 3d 1239, 1242 (Fla. 4th DCA 2015) (quoting *Meadows v. Edwards*, 82 So. 2d 733, 735 (Fla. 1955)). "The fact that a court may perceive little prospect in the success of an alleged sham proceeding is not a sufficient ground to grant a motion to strike the pleading." *Gleman v. MWH Ams., Inc.*, 309 So. 3d 681, 684 (Fla. 4th DCA 2021) (quoting *Sunex Int'l Inc. v. Colson*, 964 So. 2d 780, 782 (Fla. 4th DCA 2007)). And "[n]either

---

[5] *Decker* based its reasoning on the plain language of the applicable rules. *See* 698 So. 2d at 651 & n.1. Rule 1.150(a) states in pertinent part that "[i]f a party deems *any pleading* or part thereof filed by another party to be a sham, that party may move to strike *the pleading* or part thereof," (emphasis added), while rule 1.140(f) states that "[a] party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter *from any pleading* at any time." (emphasis added).

[6] We are aware of *Varnadoe v. Union Planters Mortgage Corp.*, 898 So. 2d 992 (Fla. 5th DCA 2005). We question its viability but need not reach that issue here. In *Varnadoe*, the trial court expressly relied on rule 1.140(f), and this Court affirmed because "the entire pleadings were wholly irrelevant" to the cause of action. *Id.* at 993. Here, the trial court did not rely on rule 1.140(f) and the pleadings were not wholly irrelevant.

the failure to include all the essential elements of a cause of action, the inclusion of redundant allegations, nor the frivolous nature of a pleading constitute sufficient grounds to strike a pleading in its entirety under the rule." *Bridge*, 910 So. 2d at 944 (quoting *Decker*, 698 So. 2d at 652).

Accordingly, we reverse the trial court's order and remand for further proceedings. We do not reach the merits of any other issue raised on appeal and express no opinion regarding the merits of the petitions.

REVERSED AND REMANDED.

LAMBERT and SOUD, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____